IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| GILBERT FRANK SANCHEZ | § | |
| VS. | § | CIVIL ACTION NO. 5:09-CV-113 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Gilbert Frank Sanchez, an inmate currently confined at the T.L. Roach Unit in Childress, Texas, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge recommends this petition be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings.  Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.  This requires a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds petitioner's objections lacking in merit.  As the Magistrate Judge correctly concluded, the record of the plea proceedings does not support petitioner's assertion that his plea was rendered involuntarily as a result of coercion or threats on the part of counsel or others.  Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Accordingly, a habeas petitioner's self-serving assertion, after the fact, that he was persuaded, threatened, or coerced into entering a guilty plea by counsel is in and of itself insufficient.  *See Siao-Pao v.*

*Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also, e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

Petitioner has presented no legal authority or evidence concerning counsel's representation and influence on his decision to plead guilty sufficient to rebut the presumption of regularity of the state court records and the correctness of the state courts' adjudication of the issue. *See Babb v. Johnson*, 61 F.Supp.2d 604, 607 (S.D. Tex. 1999); *see also Hill v. Johnson*, 210 F.3d 481, 485. The record supports the state courts determination of petitioner's ineffective assistance of counsel claims. The state courts' decision is not contrary to nor does it involve an unreasonable application of federal law in light of the record as a whole, and it is entitled to deference and the presumption of correctness.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2254. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could not resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed

further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability.

## ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations. A certificate of appealability will not be issued.

**SIGNED this 9th day of January, 2012.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE